FILED

DEC 1 9 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **4:19CR01035 AGF/SPM** |
| | ) | |
| NIKIA FRENCH, | ) | |
| | ) | |
| Defendant. | ) | |

## INDICTMENT

### COUNTS 1-25

The Grand Jury charges that:

## BACKGROUND

At all times material to this indictment:

1.      Commerce Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

2.      For the purpose of describing the crimes charged in this indictment:

a.      The "available balance" in a bank checking account is the total amount of legitimate funds (based on the deposit of money, the proper clearing of deposited checks through the bank on which the check is drawn, as well as the deposit or posting to the checking account of other legitimate financial instruments or credits), which a bank will make available to a checking account customer to cover the payment of checks drawn or other types of withdrawal, such as debit card transactions or ATM cash, on the account.

b.      The "numerical balance" in a checking account is the total mathematical amount of credit posted as being on deposit in the account on any given day.  This amount could

be greater than the "available balance" in a checking account, if, for example:  (1) deposit items such as checks have not yet been presented for payment and honored by the banks or other financial institutions on which those deposit items are drawn, a process commonly known as clearing; or (2) there are checks that will be ultimately returned unpaid by the drawee bank to the bank into which they were deposited because they are drawn on insufficient legitimate funds to cause the drawee bank to honor the check when presented for payment; or (3) when the drawee bank refuses to honor checks drawn on its account upon its discovery that the balance in the account has been artificially and fraudulently inflated as a result of a scheme to defraud.

      c.      A check "clears" an account when the check is processed, honored, and paid by the drawee bank.  If the drawee bank determines that there are not sufficient available funds in the account to cover the check, then the check never clears.  Instead, the issuing bank returns the check and notifies the bank into which the check was deposited that there are not sufficient available funds in the checking account at the issuing bank, and, therefore, the check will not be honored.

**THE SCHEME**

      3.      From April 2017 until November 27, 2019, within the Eastern District of Missouri,

**NIKIA FRENCH,**

the Defendant herein, did willfully and knowingly execute a scheme to defraud Commerce Bank to obtain money or other property owned by or under the custody and control of Commerce Bank, by means of false and fraudulent pretenses, representations, and promises.

**EXECUTION OF THE SCHEME**

4.      Nikia French would recruit individuals who had open checking accounts at Commerce Bank ("account holders"), who provided personal and account access information and/or access cards such that Nikia French could access the checking accounts of the account holders.

5.   ·    Nikia French would create or obtain counterfeit checks made payable to the account holders and deposit them into the account holder's checking account.  Nikia French often made more than one fraudulent check deposit into the account at different bank branches, either on the same day or successive days.

6.      Nikia French, prior to the counterfeit check being returned by the drawee bank as fraudulent, but after it was applied to the account holder's numerical balance, made cash withdrawals from the account either by debit card, ATM withdrawal, or counter withdrawal.

7.      Once the banks determined the deposited checks were counterfeit and the accounts were flagged and no further withdrawals were allowed, Nikia French abandoned the account and proceeded to another account to execute the scheme.

**THE FRAUDULENT CHECKS**

8.      The fraudulent checks involved in the criminal activity referenced in this indictment are fully described below.  Each mention in the indictment to a check by number shall by reference and incorporation of the below list, be a complete description of the check.

| Check # | Purported Issuer | Account # | Purported Bank | Check Date | Amount |
|---|---|---|---|---|---|
| 1 | The CEI Group, Inc. | xxxxxx360 | TD Bank | 3/29/17 | $3,175.98 |
| 2 | The CEI Group, Inc. | xxxxxx360 | TD Bank | 3/29/17 | $2,896.85 |
| 3 | Cody Properties, LLC | xxxxxx993 | First State Bank | 4/4/17 | $3,162.00 |

| Check # | Purported Issuer | Account # | Purported Bank | Check Date | Amount |
|---|---|---|---|---|---|
| 4 | Cody Properties, LLC | xxxxxx993 | First State Bank | 4/4/17 | $2,938.37 |
| 5 | Sports Barn, LLC | xxxxxx676 | Midwest Bank | 6/29/17 | $1,876.132 |
| 6 | Sports Barn, LLC | xxxxxx676 | Midwest Bank | 7/6/17 | $2,109.18 |
| 7 | Automatic Fire Protection, LLC | xxxxxx435 | First NBC | 6/26/17 | $1,897.12 |
| 8 | Charter Transportation, Inc. | xxxxxx155 | Cornerstone | 10/1/18 | $4,287.32 |
| 9 | Century | xxxxxx019 | Commerce | 10/1/18 | $3,421.07 |
| 10 | Progressive | xxxxxx895 | PNC Bank | 7/3/19 | $3,121.65 |
| 11 | Bay Area Gasket and Supply | xxxxxx614 | JP Morgan Chase | 7/5/19 | $3,245.00 |
| 12 | Mo. Lawyer Trust Acct. Foundation | xxxxxx634 | Central Bank | 7/8/19 | $3,246.21 |
| 13 | Progressive | xxxxxx895 | PNC Bank | 7/16/19 | $2,865.00 |
| 14 | Mo. Lawyer Trust Acct. Foundation | xxxxxx634 | Central Bank | 7/15/19 | $2,856.00 |
| 15 | MetLife Auto & Home | xxxxxx209 | Citibank | 10/30/19 | $3,276.00 |
| 16 | Pasha Hospitality | xxxxxx683 | Bank of America | 10/30/19 | $3,245.00 |

## THE CHARGES

9.     On or about the dates listed below in Column A, Defendant, having devised the aforesaid scheme to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, did knowingly execute and attempt to execute the scheme, in relation to a bank account held by an account holder listed in Column B, at a bank branch of Commerce Bank located in the Eastern District of Missouri, by performing the transaction listed in Column C, in the amount in Column D.

| COUNT | A | B | C | D |
|---|---|---|---|---|
| 1 | 4/7/17 | B.K. | Deposit Fraudulent Check #1 | $3,175.98 |
| 2 | 4/7/17 | B.K. | Deposit Fraudulent Check #2 | $2,896.85 |
| 3 | 4/10/17 | B.K. | Deposit Fraudulent Check #3 | $3,162.00 |
| 4 | 4/10/17 | B.K. | Deposit Fraudulent Check #4 | $2,938.37 |
|  |  |  |  |  |
| 5 | 7/7/17 | E.W. | Deposit Fraudulent Check #5 | $1,876.12 |
| 6 | 7/7/17 | E.W. | Deposit Fraudulent Check #6 | $2,109.18 |
| 7 | 7/8/17 | E.W. | Deposit Fraudulent Check #7 | $1,897.12 |
|  |  |  |  |  |

4

| COUNT | A | B | C | D |
|---|---|---|---|---|
| 8 | 10/2/18 | A.B. | Deposit Fraudulent Check #8 | $4,287.32 |
| 9 | 10/2/18 | A.B. | Cash Withdrawal | $1,000.00 |
| 10 | 10/2/18 | A.B. | Cash Withdrawal | $1,000.00 |
| 11 | 10/3/18 | A.B. | Deposit Fraudulent Check #9 | $3,421.07 |
| 12 | 10/3/18 | A.B. | Cash Withdrawal | $100.00 |
| | | | | |
| 13 | 7/3/19 | B.R. | Deposit Fraudulent Check #10 | $3,121.65 |
| 14 | 7/3/19 | B.R. | Cash Withdrawal | $1,000.00 |
| 15 | 7/5/19 | B.R. | Deposit Fraudulent Check #11 | $3,245.00 |
| 16 | 7/5/19 | B.R. | Cash Withdrawal | $1,000.00 |
| 17 | 7/8/19 | B.R. | Deposit Fraudulent Check #12 | $3,246.21 |
| 18 | 7/8/19 | B.R. | Cash Withdrawal | $1,500.00 |
| 19 | 7/8/19 | B.R. | Cash Withdrawal | $500.00 |
| | | | | |
| 20 | 7/16/19 | R.S. | Deposit Fraudulent Check #13 | $2,865.00 |
| 21 | 7/16/19 | R.S. | Deposit Fraudulent Check #14 | $2,856.00 |
| 22 | 7/16/19 | R.S. | Cash Withdrawal | $1,000.00 |
| | | | | |
| 23 | 10/30/19 | A.K. | Deposit Fraudulent Check #15 | $3,276.00 |
| 24 | 10/30/19 | A.K. | Deposit Fraudulent Check #16 | $3,245.00 |
| 25 | 10/30/19 | A.K. | Cash Withdrawal | $1,000.00 |

All in violation of Title 18, United States Code, Section 1344.

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
JOHN J. WARE, #40880MO
Assistant United States Attorney

5